UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

WILLIE MATHEWS,

    Plaintiff,

vs.

CASE NO.: 5:16-CV-521-OC-30-PRL

SERVICE SMART
MANAGEMENT, INC.,

    Defendant.
_____/

## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

This Settlement Agreement and Release of Wage Claims (the "Agreement") is entered into by and between the Plaintiff, WILLIE MATHEWS, and Defendant, SERVICE SMART MANAGEMENT, INC. (collectively "the Parties").

WHEREAS, Plaintiff is a former employee of the Defendant;

WHEREAS, on August 16, 2016, Plaintiff filed a civil action against Defendant in the United States District Court, Middle District of Florida, Ocala Division, seeking redress for alleged violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.*, Case Number 5:16-cv-521-OC-30-PRL; and

WHEREAS, Defendant denies all allegations in the Lawsuit; and

WHEREAS, the Parties hereto have agreed to resolve any and all claims of any nature whatsoever Plaintiff has arising out of or related to the payment of wages during his employment with Defendant, including, but not limited to, those allegations set forth in the Lawsuit; and

NOW THEREFORE, in exchange for promises and consideration set forth below, the sufficiency of which is hereby acknowledged, the Parties have agreed as follows:

1. <u>Recitals</u>. The above recitals are true and correct and are incorporated below as if fully set forth therein.

2. In exchange for the consideration set forth in Paragraph 3 below, Plaintiff, for himself and his attorneys, heirs, executors, administrators, successors and assigns, hereby waives and releases, knowingly and willingly, Defendant, their heirs, executors, administrators, legal representatives, parent corporations, predecessor companies, insurers, past, present and future divisions, subsidiaries, affiliates and related companies and their successors and assigns, and all past, present and future directors, officers, employees and agents of these entities, personally and as directors, officers, employees, and agents (the "Released Parties") from any and all claims of any nature whatsoever Plaintiff has arising out of or related to the payment of wages during his employment with Defendant, known or unknown, including, but not limited to, any claims Plaintiff may have under the Fair Labor Standards Act ("FLSA"), the Florida minimum wage statute, and any and all other applicable state, federal, county, or local ordinances, statutes or regulations, including claims for attorneys' fees which relate to the payment of wages. Plaintiff also represents and certifies that he has received full payment for all hours worked while employed by Defendant, including minimum wage, overtime hours, bonuses, and vacation pay.

3. In exchange for and in consideration of the Releases and promises of Plaintiff in this Agreement, Defendant agrees to pay a total sum of EIGHT THOUSAND DOLLARS AND 0/100ths ($8,000.00). The payment will be tendered as follows:

   i. One (1) check payable to WILLIE MATHEWS in the gross and net amount of $2,000.00, as taxable wages, less appropriate taxes and withholdings, to represent the unpaid wages claim. An IRS Form W-2 will be issued to Plaintiff for this amount. Plaintiff must provide a fully completed and executed IRS Form W-4 to counsel for Defendant along with the executed Agreement; and

   ii. One (1) check payable to WILLIE MATHEWS in the gross and net amount of $2,000.00, representing liquidated damages. An IRS Form 1099 will be issued to Plaintiff for this amount; And

   iii. One (1) check payable to Morgan & Morgan, PA in the amount of $4,000.00 representing attorneys' fees and costs. Morgan & Morgan, PA must provide a fully completed and executed IRS Form W-9 to counsel for Defendant along with the executed Agreement.

***Plaintiff is specifically aware of and agrees with, the amount of attorneys' fees and costs to be paid to his counsel for representing his interests in this matter.***

4. The settlement sum will be delivered to Plaintiff's counsel within ten (10) days following: (1) the Court's approval of this Agreement; (2) dismissal with prejudice of Plaintiff's claims in the Lawsuit; (3) Plaintiff's deliver of completed IRS forms W-4 and W-9 to Defendant's counsel, and (4) Plaintiff's counsel's delivery of a completed IRS Form W-9 for Morgan & Morgan, PA to Defendant's counsel.

5. Plaintiff shall direct his attorney(s) to prepare and file all necessary documents to obtain the Court's approval of this Agreement and dismissal of his claim in the Lawsuit with prejudice.

6. The Parties hereto agree that this Agreement is not, in any way an admission by Defendant of any allegation, issue, fact, or conclusion of law involving, concerning, or in any way relating to the Lawsuit. Rather, Defendant denies having committed any violation of the law.

7. The Parties hereto agree and acknowledge that this Agreement shall not be interpreted to render Plaintiff to be a prevailing Party for any purpose, including, but not limited to, any award of attorneys' fees under any law. The Parties hereto further agree that, subject to the terms and contained in this Agreement, the Parties are solely responsible for their respective costs and fees incurred as a result of this Lawsuit. Plaintiff is responsible for payment of any and all taxes applicable to any settlement monies received. In the event the Internal Revenue Service or other taxing authority challenges the above allocation, the Parties agree to work together cooperatively in connection with any such challenge. Plaintiff shall be solely responsible for paying all taxes and penalties related to the settlement sum. Plaintiff agrees to indemnify and hold Defendant harmless from any liability, claims, suits, judgments, and damages that arise as a result of any failure by Plaintiff to pay all taxes for which he is responsible.

8. This Agreement, subject to the terms and conditions stated within, is effective upon execution by Plaintiff. Should any provisions of this Agreement (other than the Release of Claims provision) be determined to be invalid by a court of competent jurisdiction, the Parties agree that this shall not affect the enforceability of the other provisions of the Agreement. This Agreement constitutes a single integrated contract expressing the entire agreement of the Parties with respect to Plaintiff's claims in the

Lawsuit and supersedes all prior and contemporaneous oral representations, agreements and discussions with respect to the Lawsuit and Plaintiff's claims therein.

9. The failure by Defendant to declare a breach or otherwise to assert its rights under this Agreement shall not be construed as a waiver of any right Defendant has under this Agreement.

10. This Agreement shall be governed by, and construed in accordance with, the laws of the State of Florida, without reference to principles of conflict of laws. The Parties further agree that any action to enforce this Agreement shall be brought in a state or federal court of competent jurisdiction within Alachua County, Florida. Each party hereby expressly waives any and all rights to bring any suit, action or other proceeding in or before any court or tribunal other than the courts described above and covenants that it shall not seek in any manner to resolve any dispute other than as set forth in this paragraph or to challenge or set aside any decision, award or judgment obtained in accordance with the provisions hereof. Each of the Parties hereto expressly waives any and all objections it may have to venue, including, without limitation, personal jurisdiction and/or the inconvenience of such forum, in any of such courts.

11. In the event that any of the Parties breach any of the provisions of this Agreement, the non-breaching Party will be entitled to bring suit to recover any and all alleged damages, both direct and consequential, that may be sustained and, in addition, will be entitled to specific performance and/or a temporary or permanent injunction prohibiting and enjoining the breaching Party from violating this Agreement. If the non-breaching Party should prevail in such suit, the breaching Party shall compensate the

non-breaching Party for any and all attorneys' fees, costs, and expenses incurred in enforcing this Agreement.

12. The Parties agree and acknowledge that this Agreement was drafted by all Parties and their counsel. The language of this Agreement shall be construed as a whole, according to its fair meaning, and not strictly for or against either Party.

13. Plaintiff acknowledges that he has been fully advised to consult with an attorney as to the terms and provisions of this Agreement and has, in fact, done so. Plaintiff represents that he has had the opportunity to consult legal counsel of his own choosing before signing this Agreement, he has carefully read the Agreement and has been fully advised as to its terms.

14. Plaintiff acknowledges that he is signing this Agreement knowingly and voluntarily, that he has read and understood all of the terms of this Agreement, and that he does not rely on any representation or statement, written or oral, not set forth in this Agreement and Release. Plaintiff further acknowledges and understands that he has accepted the settlement sum referenced in this Agreement in full satisfaction of any and all claims of any nature whatsoever Plaintiff has arising out of or related to the payment of wages during his employment with Defendant up to the date he executes this Agreement, and Plaintiff affirmatively intends to be legally bound thereby. Plaintiff hereby agrees and acknowledges that he is not entitled to receive any additional consideration or benefits from Defendant, other than as expressly provided herein.

15. This Agreement may be executed in counterparts and each counterpart, when executed, shall have the efficacy of a second original. Photographic or facsimile copies of any such signed counterparts may be used in lieu of the original for any purpose.

16. The entire Agreement is type-written and no handwritten or stray makings on this document, with the exception of the Parties' signatures, shall have any effect on the terms of this Agreement. This Agreement may not be modified, altered, or changed except upon express written consent of all Parties wherein specific reference is made to this Agreement.

PLAINTIFF ACKNOWLEDGES THAT HE IS SIGNING THIS AGREEMENT KNOWINGLY AND VOLUNTARILY, THAT HE IS REPRESENTED BY COUNSEL, THAT HE HAS READ AND UNDERSTOOD ALL OF THE TERMS OF THIS AGREEMENT, AND THAT HE DOES NOT RELY ON ANY REPRESENTATION OR STATEMENT, WRITTEN OR ORAL, NOT SET FORTH IN THIS AGREEMENT. PLAINTIFF FURTHER ACKNOWLEDGES AND AFFIRMS THAT THIS AGREEMENT IS A FULL, COMPLETE, IRREVOCABLE AND UNCONDITIONAL RELEASE OF ALL CLAIMS THAT HE MAY NOW HAVE AGAINST THE RELEASED PARTIES IN THIS LAWSUIT, AND THAT HE EXECUTED THIS AGREEMENT VOLUNTARILY WITH FULL KNOWDLEGE OF ITS SIGNIFICANCE AND THE CONSEQUENCES THEREOF.

Signature: *Willie Mathews* (Willie Mathews (Oct 6, 2016))     Oct 6, 2016
WILLIE MATHEWS                                                 Date

Signature: _____  9/26/16
By:                                                            Date
For: SERVICE SMART MANAGEMENT, INC.

# Settlement Agreement

Adobe Sign Document History  10/06/2016

| | |
|---|---|
| Created: | 10/05/2016 |
| By: | Christie Effron (ceffron78@gmail.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAIF_PeAhRytGjna1r3DM76G3LB88IYf_I |

## "Settlement Agreement" History

- Document uploaded by Christie Effron (ceffron78@gmail.com) from Acrobat
  10/05/2016 - 7:21:34 AM PDT- IP address: 199.116.171.120

- Document emailed to Willie Mathews (mathewswillie123@gmail.com) for signature
  10/05/2016 - 7:21:36 AM PDT

- Document viewed by Willie Mathews (mathewswillie123@gmail.com)
  10/06/2016 - 8:32:20 AM PDT- IP address: 66.249.88.153

- Document e-signed by Willie Mathews (mathewswillie123@gmail.com)
  Signature Date: 10/06/2016 - 8:51:20 AM PDT - Time Source: server- IP address: 66.87.149.2

- Signed document emailed to Christie Effron (ceffron78@gmail.com) and Willie Mathews (mathewswillie123@gmail.com)
  10/06/2016 - 8:51:20 AM PDT

Adobe Sign